UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JESSIE WILLIAMS, JR.**<br>    LA. DOC #98416<br>**VS.** | **CIVIL ACTION NO. 5:14-cv-0204**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **WARDEN TIMOTHY KEITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Jessie Williams, Jr., an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on February 6, 2014. Petitioner attacked his 2012 conviction for possession with intent to distribute heroin and the 25 year sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** pursuant to F.R.C.P. Rule 41(b)

*Statement of the Case*

On March 13, 2012, petitioner pled guilty to a charge of possession with intent to distribute heroin and an agreed upon sentence of 25 years at hard labor was imposed. Petitioner did not appeal. On January 7, 2013, he filed an application for post-conviction relief in the First Judicial District Court apparently arguing a claim of ineffective assistance of counsel. On January 23, 2013, his application was denied. His application for writs was assigned Docket No. 48,456-KH, and was denied by the Second Circuit Court of Appeals on January 23, 2013. His

application for writs was denied by the Louisiana Supreme Court on December 6, 2013. *See State of Louisiana ex rel. Jessie Williams, Jr. v. State of Louisiana*, 2013-1499 (La. 12/6/2013), 129 So.3d 533. The instant petition was signed on January 28, 2014; it was mailed on February 5, 2014, and received and filed on February 6th. Petitioner argued a single claim of ineffective assistance of counsel explained as follows, "Attorney Frank E. Brown, Jr. failed to conduct any type of a pre-trial investigation and advised petitioner to plead guilty to said charge without subjecting the State's case to a meaningful adversarial testing process. Petitioner was coerced into pleading guilty by inaccurate information given to him by Mr. Brown..."

On April 22, 2014, petitioner was ordered to amend his petition within 40 days to provide the information needed to conclude an initial review of his pleadings.[1] The response was due on or before June 2, 2014. Petitioner has not complied with the order, nor has he requested an extension of the time to provide the requested information. Indeed, petitioner has not been in contact with the Court since April 4, 2014, the date he submitted his filing fee.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the

---

[1] In order to determine whether petitioner exhausted available state court remedies, and whether his petition was timely filed, he was ordered to provide the following: (1) A **DATED** copy of the application for post-conviction relief filed in the First Judicial District Court; (2) A **DATED** copy of the writ application filed in the Second Circuit Court of Appeals under Docket Number 48,456 KH; (3) A **DATED** copy of the writ application filed in the Louisiana Supreme Court under Docket Number 2013-KH-1499; (4) A copy of the plea agreement and the transcript of the plea colloquy and sentencing; and, (5) Petitioner should provide a Memorandum in Support of his petition which should address and identify: (A) the facts that a pre-trial investigation would have revealed and, (B) the inaccurate information given to petitioner by his attorney.

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original petition and directed petitioner to amend and provide the information needed to further evaluate his claims. Petitioner has disregarded that order and his failure to respond warrants dismissal of the petition.[2]

Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

---

[2] Dismissal at this time may result in the complete forfeiture of petitioner's *habeas* claims should he desire at some later date to pursue them. Indeed, one of the purposes of the amend order was to determine whether the petition is already time-barred. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, petitioner has submitted an inadequate pleading; he was instructed to amend to provide the information necessary to evaluate his claims; however, he has failed to do so within the time limitation provided. Petitioner has not suggested that he is unable to provide the documents and information requested.

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original petition and directed petitioner to amend and provide the information needed to further evaluate his claims. Petitioner has disregarded that order and his failure to respond warrants dismissal of the petition.[2]

Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

---

[2] Dismissal at this time may result in the complete forfeiture of petitioner's *habeas* claims should he desire at some later date to pursue them. Indeed, one of the purposes of the amend order was to determine whether the petition is already time-barred. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, petitioner has submitted an inadequate pleading; he was instructed to amend to provide the information necessary to evaluate his claims; however, he has failed to do so within the time limitation provided. Petitioner has not suggested that he is unable to provide the documents and information requested.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[3] A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, August 27, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3] In the event that petitioner objects to this Report and Recommendation, he should amend his petition and comply with the directives of the April 22, 2014, Memorandum Order [Doc. 4].